UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:                                                                                  Case No.
                                                                                             Chapter 13

                Debtor(s).                              **CHAPTER 13 PLAN**
_____                       (☐ Amended as of _____)

The chapter 13 plan ("Plan") does one or more of the following (if the box is checked):

    ☐    Values Collateral to Establish Amount of Secured Claims (Section II(B)(ii))

    ☐    Sets Interest Rates for Secured Claims (Section II(B)(ii) and (iii))

    ☐    Assumes and/or Rejects Unexpired Leases and Executory Contracts (Section II(I))

Hereinafter the matters checked are referred to as "Allowed Contested Matters."

☐    **IF THIS BOX IS CHECKED, THE PLAN CONTAINS NON-STANDARD PROVISIONS AT SECTION V THAT ARE CONTROLLING AND THAT SHALL SUPERSEDE ANY OTHER PROVISIONS OF THE PLAN.**

☐    **IF THIS IS AN AMENDED PLAN,** the reason for filing the Amended Plan is: _____
_____.

**NOTICE TO ALL CREDITORS:**

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and consult an attorney as to their legal effect. Anyone who wishes to oppose any provision of this Plan or the included Allowed Contested Matters **MUST** file with the United States Bankruptcy Court a timely written objection, so as to be received not later than seven (7) days prior to the hearing on Confirmation of the Plan and approval of the Allowed Contested Matters, and appear at the hearing. Unless a written objection is timely filed, this Plan may be confirmed and become binding, and the included Allowed Contested Matters may be granted, without further notice or hearing.

**UNLESS A WRITTEN OBJECTION IS TIMELY FILED**, the Court will find at confirmation that the chapter 13 Debtor has complied with the filing requirements of 11 U.S.C. § 521(a)(1) (mandatory documents) and 11 U.S.C. § 521(b) (credit counseling certificate).

**EVEN IF A DEBT IS SPECIFICALLY LISTED IN THIS PLAN, A CREDITOR SHOULD TIMELY FILE A PROOF OF CLAIM.**

I.    **PAYMENT AND LENGTH OF PLAN.**

A.    **STANDARD PLAN TERMS.**

    Required Monthly Payments: _____

    Lump-sum payment(s) in the amount(s) of _____ from the following source(s):
    ____ lawsuit proceeds

**STANDARD PLAN TERMS cont. …**

____   sale proceeds (include description of property to be sold, location, method of sale and anticipated date of sale) _____

_____

____   other _____

The Debtor shall immediately turn over to the Trustee any tax refund in excess of $1,500.00 during the life of the Plan.

Term of Plan: _____

Minimum Amount to be paid into the Plan: _____

Minimum amount to be paid to General Unsecured Creditors under the Plan shall be the greater of:

Liquidation:                                          $_____
Disposable Income (B22C - Line 59 x 60):   $_____
Percentage Repayment:                          _____%

**B.    SPECIAL NOTICES.**

**SPECIAL NOTICE TO CREDITORS HOLDING UNSECURED CLAIMS:**

**UNSECURED CREDITORS ARE DIRECTED TO CAREFULLY REVIEW THE ORDER OF DISTRIBUTION OF PLAN PAYMENTS BY THE TRUSTEE AT PARAGRAPH I(C) OF THIS PLAN AND CONSULT AN ATTORNEY REGARDING THE PROPOSED TREATMENT OF THEIR CLAIM(S) UNDER THIS PLAN.**

**Under 11 U.S.C. § 1325(b)(1)(B), if an unsecured creditor objects to this Plan, the Court may not approve this Plan unless the Plan provides that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the Plan. Absent an objection, distribution of payments under this Plan will be made pursuant to the order of distribution set forth at paragraph I(C) below. This distribution scheme may result in the secured and priority claims being paid *prior to your unsecured claim*. To avoid this result, you must file an objection.**

**SPECIAL NOTICE TO DOMESTIC SUPPORT OBLIGATION CLAIMANTS:**

**THE DEBTOR IS REQUIRED TO MAKE PAYMENTS FOR POST-PETITION DOMESTIC SUPPORT OBLIGATIONS AS THAT TERM IS DEFINED UNDER 11 U.S.C. § 101(14A), COMMENCING ON THE DATE OF FILING AND CONTINUING DURING THE TERM OF THE PLAN. PRE-PETITON DOMESTIC SUPPORT OBLIGATION ARREARS, IF ANY, ARE ADDRESSED AT SECTION II(F).**

**THE FOLLOWING IS THE NAME AND ADDRESS OF EACH INDIVIDUAL ENTITLED TO RECEIVE DOMESTIC SUPPORT OBLIGATION PAYMENTS, AND THE AMOUNT(S) OF SUCH PAYMENTS:**

☐ **Not Applicable**

**DOMESTIC SUPPORT OBLIGATION CLAIMANTS AND AMOUNTS CONT. …**

**Payee Name and Address**                    **Ongoing Payment Obligation**

_____    $_____
_____
_____
_____
_____

**C.    ORDER OF DISTRIBUTION OF PLAN PAYMENTS BY THE TRUSTEE.**  Subject to any alternate provision in Section V, funds received by the Trustee for distribution to creditors under the Plan, absent objection, shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

   First:        To pay any and all equal monthly payments required on allowed secured claims under Section II(B)(ii) and (iii).
   Second:   To pay allowed administrative expenses, including attorney's fees, *pro rata*, until paid in full under Section II(A)(i) and (ii).
   Third:       To pay allowed secured claims *pro rata* until paid in full under Section II(B)(i)(a), (iv) and (v).
   Fourth:    To pay allowed priority claims *pro rata* until paid in full under Section II(F).
   Fifth:        To pay allowed unsecured claims *pro rata*.

However, in the event the Debtor pays ongoing mortgage payments through the Plan under Section II(B)(i)(c), those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee fees.

**D.    REQUIREMENTS FOR COMPLETION.**  The Plan will be considered complete when:

   (i)     all allowed secured and priority unsecured claims have been paid in full except those specified in Section II(B)(i)(b);
   (ii)    all payments as set forth in Section I have been received by the Trustee for payment to creditors; and
   (iii)   allowed unsecured claims not separately classified and provided for in Section II(H) have received at least _____% or $_____ (either liquidation or disposable income), whichever provides a greater distribution.

**II.    TREATMENT OF CREDITORS.**

**A.    ADMINISTRATIVE EXPENSE CLAIMS.**  All allowed administrative claims shall be paid in full.  The amount to be paid shall be the amount listed below unless the creditor holding the claim timely files a proof of claim with the Court setting forth a different amount, which claim amount shall control.

   (i)    **Debtor's attorney's fees:**  Debtor's attorney shall be paid  $_____,
          of which $_____ was paid pre-petition and $_____
          shall be paid as an allowed administrative claim as part of the Plan.

3

**TREATMENT OF CREDITORS Cont. …**

    (ii)    **Other Administrative Claims:**

| Creditor | Estimated Claim |
|---|---|
| | |

☐ **None**

**B.**    **SECURED CLAIMS.**

<u>**NOTICES TO ALL CREDITORS HOLDING SECURED CLAIMS**</u>:

**LIEN RETENTION**: With the exception of those creditors whose liens are subject to avoidance under 11 U.S.C. § 522(f) and whose liens are subsequently avoided by court order as impairing the Debtor's exemption, all secured creditors shall retain the lien(s) securing their claim(s) until the earlier of payment in full of the underlying debt determined in accordance with nonbankruptcy law or discharge of such claim under 11 U.S.C. § 1328. If paid by the Trustee, the claim shall be paid *pro rata* in accordance with the Plan terms providing for the order of distribution or in monthly payments, as indicated below.

**CLAIM ALLOWANCE AND AMOUNT:** The allowance and amount of the secured claim shall be determined in accordance with the creditor's timely filed proof of claim.

**ONGOING NOTICES:** Creditors being paid directly by the Debtor under the Plan shall continue to send customary payment coupons, statements, and notices to the parties making ongoing payments. Debtor agrees that such actions shall not constitute or form the basis for finding a violation of the automatic stay.

**POST-PETITION FEES AND COSTS FOR CLAIMS SECURED BY REAL PROPERTY:** No creditors holding claims secured with real property shall ever assess, charge or collect, from either the Debtor or the real estate collateral, any assessments, fees, costs, expenses or any other monetary amounts, exclusive of principal, interest, taxes, late fees and insurance, that arose from the date of filing of the bankruptcy petition to the entry of the order of discharge except as may be allowed as part of an allowed secured claim pursuant to Federal Rule of Bankruptcy Procedure 3002.1 or a court order.

    (i)    Real Property Mortgage Claims:

        a.    Mortgage Arrears: Mortgage arrears owed to the creditors listed below shall be paid through the Plan by the Trustee in accordance with the secured creditor's timely filed proof of claim.

| Creditor | Collateral Address | Amount of Arrears |
|---|---|---|
| | | |

☐ **None**

        b.    Ongoing Post-Petition Mortgage Payments to be Paid by the Debtor Directly to the Creditor:

| Creditor | Collateral Address |
|---|---|
| | |

☐ **None**

**SECURED CLAIMS Cont. …**

      c.    Post-Petition Mortgage Payments to be Paid by the Trustee to the Creditor Through the Plan:

| Creditor | Payment Amount | Interest Rate |
|---|---|---|

☐ **None**

    (ii)    Payment of Bifurcated Claim with Secured Portion Based on Collateral Value:

The creditors listed below will be paid a secured claim through the Plan based upon the value of their collateral pursuant to 11 U.S.C. § 506 ("Collateral Value") with present value interest pursuant to 11 U.S.C. § 1325(a)(5) in the amount set forth below. Any filed claim requesting payment of a higher secured claim amount shall be deemed to be an unsecured claim to the extent that the amount of the filed claim exceeds the Collateral Value stated below. Further, any request for interest at a rate which is higher than the rate listed below shall be disallowed. Finally, a filed proof of claim seeking a lower secured claim amount or lower rate of interest on its secured claim shall be deemed to be the creditor's consent to accept payment of said lower amount(s) notwithstanding this Court's determination of the secured claim amount or interest rate as set forth below. Monthly payments received prior to the date of confirmation of the Plan shall constitute adequate protection pursuant to 11 U.S.C. § 1326 and shall be applied to reduce the principal balance of the claim. After confirmation, the balance of the claim shall be paid with interest at the rate set forth below through equal monthly payments as required under 11 U.S.C. § 1325(a)(5). The remaining balance of the creditor's claim (above the Collateral Value) shall be treated as an unsecured claim.

| Creditor | Collateral Value | Interest Rate | Equal Monthly Payment | Pre-confirmation Adequate Protection Payment |
|---|---|---|---|---|

☐ **None**
Collateral Description:_____

    (iii)    Payment in Full of Secured Claim With Present Value Interest:

The creditors listed below will be paid principal owed in full, with present value interest pursuant to 11 U.S.C. § 1325(a)(5). The amounts set forth in the timely filed proof of claim shall control the amount paid, however, any filed proof of claim will be disallowed to the extent that the interest rate sought exceeds the rate listed below. Further, a filed claim seeking a lower secured claim amount or lower interest rate on its secured claim shall be deemed to be the creditor's consent to accept payment at the lower amount and/or rate notwithstanding this Court's determination of the secured claim amount or interest rate as set forth below. Monthly payments prior to the date of confirmation of the Plan shall constitute adequate protection pursuant to 11 U.S.C. § 1326 and shall be applied to reduce the principal balance of the claim. After confirmation, the balance of the claim shall be paid with interest at the rate set forth below through equal monthly payment as required pursuant to 11 U.S.C. § 1325(a)(5).

| Creditor | Full Claim Amount | Interest Rate | Equal Monthly Payment | Pre-confirmation Adequate Protection Payment |
|---|---|---|---|---|

☐ **None**
Collateral Description:_____

5

(Rev. 9-01-12)

**SECURED CLAIMS Cont. …**

    (iv) Payment of Arrearage Only on Claims Secured By Personalty:

Arrears owed to the creditors listed below shall be paid through the Plan by the Trustee in accordance with the secured creditor's timely filed proof of claim.

| Creditor | Collateral | Amount of Arrears Claim | Interest Rate |
|---|---|---|---|

☐ **None**

    (v) Payment in Full of All Other Secured Claims:

These claims may include, but are not limited to, claims secured by unavoidable judgments and real property tax liens. The creditors listed below will receive payment in full in accordance with the secured creditor's timely filed proof of claim.

| Creditor | Lien Amount | Interest Rate |
|---|---|---|

☐ **None**
Collateral Description: _____

    (vi) Other Ongoing Direct Payments on Secured Claims:

The creditors listed below will not receive payments through the Plan:

| Creditor | Collateral |
|---|---|

☐ **None**
Collateral Description: _____

**C. MORTGAGE CLAIMS MODIFIED PURSUANT TO 11 U.S.C. § 506.** The following claims shall be treated as unsecured claims and an appropriate motion will be filed and heard on or before confirmation of the Plan:

| Creditor | Amount of Claim |
|---|---|

☐ **None**

**D. COLLATERAL SUBJECT TO SURRENDER.** Debtor surrenders his or her interest in the following collateral in satisfaction of the secured portion of such creditor's allowed claim. If the creditor has timely filed a secured claim, the creditor may file an amended claim, which claim shall be treated as a non-priority unsecured claim for any remaining deficiency balance after liquidation by the creditor of their secured collateral in accordance with applicable state law. Upon confirmation, creditor may submit for entry an ex parte order lifting the automatic stay as to the surrendered collateral.

| Creditor | Collateral | Amount of Claim (if known) |
|---|---|---|

☐ **None**

(Rev. 9-01-12)

**E.     CLAIMS SUBJECT TO SALE OF COLLATERAL.** The collateral securing the claims held by the following secured creditors will be sold during the Plan and the claim shall be paid from sale proceeds at the time of sale. **No disbursements shall be made to the creditor from the regular monthly Plan payments**.

| Creditor | Collateral | Amount of Claim |
|---|---|---|

☐ **None**

**F.     PRIORITY CLAIMS.** All allowed claims entitled to priority under 11 U.S.C. § 507 shall be paid in full. The amount of the claim shall be determined in accordance with the creditor's timely filed proof of claim.

| Creditor | Estimated Claim | Basis for priority treatment |
|---|---|---|

☐ **None**

**G.     CO-SIGNED AND OTHER SEPARATELY CLASSIFIED UNSECURED CLAIMS.** The claims listed below have been separately classified pursuant to 11 U.S.C. § 1322(b)(1) and will be paid in full. The amount of the claim shall be determined in accordance with the creditor's timely filed proof of claim.

| Creditor | Amount of Claim |
|---|---|

☐ **None**

**H.     UNSECURED NON-PRIORITY CLAIMS.** Allowed unsecured non-priority claims will be paid *pro rata* in accordance with the minimum distribution set forth in Section I(A).

**I.     UNEXPIRED LEASES AND EXECUTORY CONTRACTS.** Creditors holding an arrearage claim on any assumed lease or executory contract shall be paid through the Plan. The amount to be paid shall be in accordance with the creditor's timely filed proof of claim.

The following unexpired leases and executory contracts are **ASSUMED:**

| Creditor | Property Subject to the Lease or Contract | Amount of Claim |
|---|---|---|

☐ **None**

The following unexpired leases and executory contracts are **REJECTED:**

| Creditor | Property Subject to the Lease or Contract | Amount of Claim |
|---|---|---|

☐ **None**

Any unexpired leases and executory contracts not listed above are deemed **REJECTED**.

**III.    CONFIRMATION ORDER CONTROLS.** The provisions of this Plan are subject to modification as provided in the Order of Confirmation. In the event of an inconsistent provision contained in this Plan and the Order of Confirmation, the Order of Confirmation shall control.

(Rev. 9-01-12)

**IV.    VESTING OF PROPERTY OF THE ESTATE.**  All property of the Debtor's chapter 13 estate shall remain property of the estate and under this Court's jurisdiction until the Plan is completed.

**V.    NON-STANDARD PLAN PROVISIONS.**

☐ **NONE**

☐ **PAY WITHOUT CREDITOR'S PROOF OF CLAIM (Albany Division Only)**
**BE ADVISED,** that if this box is checked:

The Debtor requests that the specific claims set forth herein held by the creditors listed below be allowed and paid through the Plan with the claims deemed filed by the Debtor, subject to being amended by the creditor's timely filed proof of claim:

Creditor                                                    Collateral Description
_____        _____
_____        _____
_____        _____

If no proof of claim is filed by a creditor listed above, Debtor requests that the Court find that the Plan conforms substantially to the Federal Rules of Bankruptcy Procedure and the Official Proof of Claim form so as to support allowance and payment of the claim for that creditor in the amount set forth herein.

☐ **OTHER**
_____
_____
_____
_____
_____

Dated:_____        _____
                                                                    Debtor Signature

Dated:_____        _____
                                                                    Joint Debtor Signature

Dated:_____        _____
                                                                    Attorney Signature
                                                                    Attorney Name and Address

(Rev. 9-01-12)